1  CHARLES J. HARDER (State Bar No. 184593)
   SARAH E. LUPPEN (State Bar No. 258559)
2  KIMBERLINA MCKINNEY (State Bar No. 286349)
   HARDER MIRELL & ABRAMS LLP
3  1801 Avenue of the Stars, Suite 1120
4  Los Angeles, California 90067
   Telephone:   (424) 203-1600
5  Facsimile:   (424) 203-1601

6  Attorneys for Claimant
   SANDRA BULLOCK
7

8

9            JUDICIAL ARBITRATION AND MEDIATION SERVICES

10                         SANTA MONICA BRANCH

11

12 | SANDRA BULLOCK, an individual, | ) | JAMS Case Ref. No.: 1210030959 |
   |---|---|---|
13 | Claimant, | ) | [Arbitrator: Honorable Steven Stone] |
14 | v. | ) | **FIRST AMENDED STATEMENT OF CLAIM FOR:** |
15 | UNITED STATES JEWELRY LIQUIDATORS, a Florida corporation d/b/a "J. R. Dunn Jewelers" and "JRDunn.com"; and SPD GROUP INC., a Florida corporation d/b/a "J. R. Dunn Jewelers" | ) | **1. VIOLATION OF COMMON LAW RIGHT OF PUBLICITY** |
16 | | ) | |
17 | | ) | **2. VIOLATION OF COMMON LAW RIGHT OF PRIVACY** |
18 | Respondents. | ) | **3. COMMON LAW TRADEMARK/ TRADE NAME INFRINGEMENT** |
19 | | ) | |
20 | | ) | **4. COMMON LAW TRADE DRESS INFRINGEMENT** |
21 | | ) | |
22 | | ) | **5. COMMON LAW SLOGAN INFRINGEMENT** |

1

FIRST AMENDED STATEMENT OF CLAIM

Claimant Sandra Bullock alleges as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

#### THE PARTIES

1. Claimant SANDRA BULLOCK is an individual, a permanent resident of the State of Texas, and owns a residence in and does business in the State of California, County of Los Angeles.

2. Claimant is informed and believes and based thereon alleges that Respondent UNITED STATES JEWELRY LIQUIDATORS, INC., d/b/a "J.R. Dunn Jewelers" and "JRDunn.com" (herein, "USJL") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Florida.

3. Claimant is informed and believes and based thereon alleges that Respondent SPD GROUP INC. d/b/a "J. R. Dunn Jewelers" (herein, "SPD") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Florida.

4. Claimant is informed and believes and based thereon alleges that Respondents, and each of them, were and are the agents, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Respondents, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership or joint venture. Claimant is further informed and believes and based thereon alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by and/or ratified by the other Respondents, and each of them.

#### SANDRA BULLOCK

5. Claimant Sandra Bullock is a universally known motion picture star and celebrity who has starred in and received critical acclaim for her performances in motion pictures that have been viewed by millions of people throughout the United States and the world. Ms. Bullock has starred in more than thirty five (35) motion pictures including, among others:

1
2  Gravity (Release date: October 2013)
3  The Heat (Release date: June 2013)
4  Extremely Loud and Incredibly Close (2011)
5  The Blind Side (2009)
6  The Proposal (2009)
7  All About Steve (2009)
8  Premonition (2007)
9  Infamous (2006)
10 The Lake House (2006)
11 Miss Congeniality 2: Armed & Fabulous (2005)
12 Loverboy (2005)
13 Crash (2004)
14 Two Weeks Notice (2002)
15 Divine Secrets of the Ya-Ya Sisterhood (2002)
16 Murder by Numbers (2002)
17 Miss Congeniality (2000)
18 28 Days (2000)
19 Gun Shy (2000)
20 Forces of Nature (1999)
21 Practical Magic (1998)
22 Hope Floats (1998)
23 Speed 2 (1997)
24 In Love and War (1996)
25 A Time to Kill (1996)
26 Two If By Sea (1996)
27 The Net (1995)
28 While You Were Sleeping (1995)

Who Do I Gotta Kill? (1994)

Speed (1994)

6. Ms. Bullock has received numerous honors, awards, and recognitions for her work. Among many others, she received the 2010 Academy Award Oscar for Best Actress, the Golden Globe Award for Best Actress in a Motion Picture – Drama, and the Screen Actors Guild Award for Best Actress, for her performance in *The Blind Side* (2009).

7. As a testament to her substantial and enduring popularity and commercial value over the course of the past 17 years, Ms. Bullock has received the following People's Choice Awards and nominations:

1996 People's Choice Award **winner** for "Favorite Motion Picture Actress"

1997 People's Choice Award **winner** for "Favorite Motion Picture Actress"

1999 People's Choice Award **winner** for "Favorite Motion Picture Actress"

2006 People's Choice Award **winner** for "Favorite Female Movie Star"

2007 People's Choice Award nominee for "Favorite Female Movie Star"

2007 People's Choice Award nominee for "Favorite Female Movie Star"

2008 People's Choice Award nominee for "Favorite Female Movie Star"

2010 People's Choice Award **winner** for "Favorite Movie Actress"

2013 People's Choice Award **winner** for "Favorite Humanitarian"

8. Ms. Bullock has received the following additional awards, among others:

a. Seven (7) "Teen Choice Awards" from 1999 through 2010;

b. Four (4) MTV Movie Awards from 1995 through 2010;

c. The Women in Film Crystal Award for 2005;

d. The Hasty Pudding Theatricals "Woman of the Year" Award for 2004; and

e. The Golden Apple Award for "Female Star of the Year" for 1995.

9. Ms. Bullock also was honored with a Star on the "Hollywood Walk of Fame" in March 2005, located at 6801 Hollywood Boulevard in Hollywood, California.

10. A national survey by PopEater and *The Insider* published in July 2010 (when Respondents were using Ms. Bullock's name and image in their Advertisements), reached the

following conclusion: "In the spirit of the Fourth of July holiday, PopEater teamed up with *The Insider* to ask our audiences who their favorite American is and who they were shamed by. **Over 163,000 votes were cast** …. As it turns out, **Sandra Bullock really is America's sweetheart. With 63 percent of over 81,000 votes, Bullock walloped the competition. Oprah came in a distant second with 24 percent of votes.**" (Emphasis added.)

11. A national survey by polling firm, Ipsos, published in August 2011 (a year when Respondents were using Ms. Bullock's name and image in their Advertisements), ranked Ms. Bullock third out of all celebrities in terms of "**America's favorite and most trusted personality, and the one whose endorsement of a company would be most likely to drive business**." (Emphasis added.)

12. Another poll published by polling firm, E-Poll Market Research, in March 2012 ranked Ms. Bullock **second** out of **6,500 global celebrities** in terms of "most appealing celebrity in America."

13. Another poll, a year later, also by E-Poll Market Research (published April 2013) again ranked Ms. Bullock **second** out of **7,500 global celebrities** in terms of "most appealing celebrity in America."

14. Sandra Bullock's name, image, identity, and have tremendous commercial value.

15. Ms. Bullock exercises careful consideration before permitting the commercial use of her name, image, identity, or persona, to ensure that they are associated with products, entertainment, services and/or companies in which she believes and to ensure that the value of her name, image, identity and persona is not diminished, either by association with products, entertainment, services and/or companies which she does not personally desire to support and/or by over-saturation of her name and image. Ms. Bullock will not voluntarily appear in print or other media for a company or product unless she carefully selects and believes in the company and product, and unless the compensation she receives is both commensurate with the value of the exploitation of her name, image, identity and persona, and sufficient to compensate her for any potential diminution in value resulting from the commercial use of her rights.

**RESPONDENTS' WRONGFUL CONDUCT**

16. Claimant is informed and believes and on that basis alleges that Respondents are commonly-owned and operated companies primarily engaged in the business of selling watches, jewelry, and other products, and advertise and market their products throughout the United States and the world.

17. Respondents intentionally and prominently used Ms. Bullock's name, photograph, image, identity, and persona in advertising, marketing, and/or promotion (collectively, the "Advertisements") to sell watches. Respondents advertised the watches at issue as the "Sandra Bullock Watch" and/or the "Sandra Bullock Watches" and/or the "Bullock Watch" (the "Advertised Products"). The Advertisements include, but are not limited to:

   a. Advertisements, marketing and promotion at the website located at URL www.JRDunn.com (the "Website"); and

   b. Advertisements and marketing placed at search engines, including Google and Bing, using Claimant's name to advertise, market and promote the Advertised Products and the companies selling them.

18. Within certain of the Advertisements, Claimant's name and image were placed adjacent to or in close proximity of the Advertised Products, so as to create an unauthorized and false association with Ms. Bullock.

19. At no time did Claimant ever give her permission to Respondents, or any of them, to use her name, photograph, image, identity, persona or any other rights in the Advertisements, or to advertise, market, promote, or sell the Advertised Products, or in any other manner, nor has Claimant been compensated for such unauthorized commercial use of her rights.

20. Claimant is informed and believes and based thereon alleges that Respondents intentionally, negligently and/or knowingly caused Claimant's name, photograph, image, identity and persona to appear in the Advertisements for the purpose of advertising and promoting Respondents and their products, including the Advertised Products.

21. Claimant has developed and cultivated her name, image, identity and persona to create celebrity and universal recognition, and Respondents have, without any right, title or

authorization, misappropriated Claimant's valuable right of publicity and right of privacy and the associated success and popularity of Claimant by unlawfully using her name, photograph, image, identity and persona for the aforesaid commercial purposes.

## FIRST CAUSE OF ACTION

### (For Violation of Common Law Right of Publicity Against All Respondents)

22. Claimant repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Based on her hard work and use of her talents in the entertainment field, Claimant's name, photograph, image, identity and persona have become, and are, very valuable worldwide and are invested with substantial goodwill in the eyes of the public. Accordingly, Claimant has a valuable right of publicity, a right with substantial commercial value, which she has not agreed to license or transfer, in whole or in part, to Respondents, or any of them, for any purpose whatsoever.

24. The wrongful acts of Respondents, and each of them, as alleged hereinabove, constitute a violation and misappropriation of Claimant's rights of publicity because Respondents have misappropriated Claimant's name, photograph, image, identity and persona, and used them, without permission, for Respondents' advantage including, without limitation, to advertise and promote Respondents' businesses in general, and promote and sell their products and, in particular, the Advertised Products.

25. As a direct and proximate result of the aforesaid wrongful acts of Respondents, Claimant has been damaged in an amount that exceeds the jurisdictional minimum of this Court, to be determined at the time of trial.

26. Claimant is informed and believes, and based thereon alleges, that Respondents, and each of them, in doing the things herein alleged, acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of their actions on Claimant and with willful and deliberate disregard for the consequences to Claimant. By reason thereof, Claimant is entitled to recover punitive and exemplary damages from Respondents, and each of them, in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

**(For Violation of Common Law Right of Privacy Against All Respondents)**

27. Claimant repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. Respondents' wrongful acts, as alleged hereinabove, constitute a violation of Claimant's common law right of privacy pursuant to Florida law because Respondents, without Claimant's permission, used Claimant's name and photograph to advertise and promote Respondents' companies and products while based in Florida.

29. Respondents have infringed Claimant's right to be left alone and her right to control the use of her image, identity and persona, in direct violation of applicable privacy laws.

30. As a direct and proximate result of the aforesaid wrongful acts of Respondents, Claimant has been damaged in an amount that exceeds the jurisdictional minimum of this Court, to be determined at the time of trial.

31. Claimant is informed and believes, and based thereon alleges, that Respondents, in doing the things herein alleged, acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of its actions on Claimant and with willful and deliberate disregard for the consequences to Claimant. By reason thereof, Claimant is entitled to recover punitive and exemplary damages from Respondents in an amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION

**(For Common Law Trademark / Trade Name Infringement Against All Respondents)**

32. Claimant repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. Claimant's name and image constitute common law trademarks, and her name constitutes a common law trade name, all of which are owned by Claimant, and have been extensively advertised and promoted throughout the world for nearly thirty (30) years. As a result of this advertising and promotion, Claimant's common law trademarks and trade name are recognized throughout worldwide trading areas and channels of trade as famous and distinctive,

1  and are identified by the purchasing public with Claimant.  Claimant's common law trademarks
2  and trade name are famous and distinctive within the meaning of applicable common law.
3       34.     Notwithstanding Claimant's rights, Respondents, without Claimant's authorization,
4  advertised, distributed, offered to sell and sold products and services that unlawfully utilize
5  Claimant's common law trademarks and trade name.
6       35.     Respondents' use, and continuing use, of Claimant's common law trademarks and
7  trade name in connection with Respondents' companies, products and services constitutes a
8  violation of applicable common law in that it creates a false association between Claimant and her
9  common law trademarks and trade name, on the one hand, and Respondents' companies, products
10 and services, on the other hand, and a false designation of origin as to the goods and services
11 advertised, marketed, promoted, distributed, offered for sale and sold by Respondents.
12 Respondents' use of Claimants' common law trademarks and trade name is likely to confuse,
13 mislead and/or deceive the consuming public and trade by creating the false impression that
14 Respondents' companies, products and services are or were approved, authorized, sponsored,
15 endorsed, guaranteed by and/or are in some way affiliated or associated with Claimant.
16      36.     Respondents' use, and continuing use, of the Claimant's common law trademarks
17 and trade name in connection with Respondents' companies, products, and services also
18 constitutes a false or misleading description or representation in violation of applicable common
19 law.
20      37.     As a direct and proximate result of Respondents' wrongful conduct described
21 herein, Claimant is entitled to the recovery of:  (1) any and all damages sustained by Claimant as a
22 result of Respondents' conduct; (2) Respondents' profits associated with the use of Claimant's
23 common law trademarks and trade name; and (3) Claimant's costs of suit.
24      38.     Claimant is informed and believes, and based thereon alleges, that Respondents, in
25 doing the things herein alleged, acted willfully, maliciously and oppressively, and with full
26 knowledge of the adverse effect of its actions on Claimant and with willful and deliberate
27 disregard for the consequences to Claimant.  By reason thereof, Claimant is entitled to recover
28

1  punitive and exemplary damages from Respondents in an amount to be determined at the time of
2  trial.

3      39.    Claimant also seeks a preliminary and permanent injunction to prohibit
4  Respondents from any further commercial use of Claimant's common law trademarks and trade
5  name, or any iterations thereof.

## FOURTH CAUSE OF ACTION

**(For Common Law Trade Dress Infringement Against All Respondents)**

8      40.    Claimant repeats, re-alleges, adopts and incorporates each and every allegation
9  contained in Paragraphs 1 through 39, inclusive, as though fully set forth herein.

10      41.    Respondents, without Claimant's authorization, advertised, distributed, offered to
11  sell, and sold products that unlawfully utilize Claimant's common law trade dress, namely, her
12  name, image and identity as used in commerce for nearly thirty (30) years.

13      42.    Respondents use, and continuing use, of Claimant's common law trade dress, in
14  connection with Respondents' companies, products and services constitutes a violation of
15  applicable common law in that it creates a false association between Claimant, on the one hand,
16  and Respondents' companies, products and services, on the other hand, and a false designation of
17  origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale,
18  and sold by Respondents. Respondents' use of Claimants' common law trade dress is likely to
19  confuse, mislead and/or deceive the consuming public and trade by creating the false impression
20  that Respondents' companies, products and services are or were approved, authorized, sponsored,
21  endorsed, guaranteed by and/or are in some way affiliated or associated with Claimant.

22      43.    Respondents' use, and continuing use, of Claimant's common law trade dress in
23  connection with Respondents' companies, products and services also constitutes a false or
24  misleading description or representation in violation of applicable common law.

25      44.    As a direct and proximate result of Respondents' wrongful conduct described
26  herein, Claimant is entitled to the recovery of: (1) any and all damages sustained by Claimant as a
27  result of Respondents' conduct; (2) Respondents' profits associated with the use of Claimant's
28  common law trade dress; and (3) Claimant's costs of suit.

45. Claimant is informed and believes, and based thereon alleges, that Respondents, in doing the things herein alleged, acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of its actions on Claimant and with willful and deliberate disregard for the consequences to Claimant. By reason thereof, Claimant is entitled to recover punitive and exemplary damages from Respondents in an amount to be determined at the time of trial.

46. Claimant also seeks a preliminary and permanent injunction to prohibit Respondents from any further commercial use of Claimant's common law trade dress.

## FIFTH CAUSE OF ACTION

**(For Common Law Slogan Infringement Against All Respondents)**

47. Claimant repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 46, inclusive, as though fully set forth herein.

48. Respondents, without Claimant's authorization, advertised, distributed, offered to sell, and sold products that unlawfully utilize Claimant's common law slogan, namely, her name "Sandra Bullock," which Claimant has used in commerce for more than thirty (30) years.

49. Respondents' use, and continuing use, of Claimant's common law slogan, in connection with Respondents' companies, products and services constitutes a violation of applicable common law in that it creates a false association between Claimant, on the one hand, and Respondents' companies, products and services, on the other hand, and a false designation of origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale, and sold by Respondents. Respondents' use of Claimants' common law slogan is likely to confuse, mislead and/or deceive the consuming public and trade by creating the false impression that Respondents' companies, products and services are or were approved, authorized, sponsored, endorsed, guaranteed by and/or are in some way affiliated or associated with Claimant.

50. Respondents' use, and continuing use, of Claimant's common law slogan in connection with Respondents' companies, products and services also constitutes a false or misleading description or representation in violation of applicable common law.

51. As a direct and proximate result of Respondents' wrongful conduct described herein, Claimant is entitled to the recovery of: (1) any and all damages sustained by Claimant as a result of Respondents' conduct; (2) Respondents' profits associated with the use of Claimant's common law slogan; and (3) Claimant's costs of suit.

52. Claimant is informed and believes, and based thereon alleges, that Respondents, in doing the things herein alleged, acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of its actions on Claimant and with willful and deliberate disregard for the consequences to Claimant. By reason thereof, Claimant is entitled to recover punitive and exemplary damages from Respondents in an amount to be determined at the time of trial.

WHEREFORE, Claimant prays for judgment against Respondents, jointly and severally, as follows:

1. General and special damages in accordance with proof at trial, together with interest thereon at the legal rate;

2. Exemplary and punitive damages in an amount according to proof at the time of trial;

3. For all costs of suit incurred herein; and

4. For such other and further relief as the Arbitrator may deem proper.

Dated: July 11, 2013                    HARDER MIRELL & ABRAMS LLP

By: _____
CHARLES J. HARDER
Attorneys for Claimant SANDRA BULLOCK

12
FIRST AMENDED STATEMENT OF CLAIM